UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUIS NEGRON,

        Plaintiff,

v.                                Case No. 3:08-cv-826-J-12MCR

RANDALL BRYANT, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On August 25, 2008, Plaintiff, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint). On the civil rights complaint form, Section IV.B. states the following: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" There are parenthetical areas to mark either yes or no. Plaintiff marked yes on his Complaint, but failed to list all of his previously-filed cases. At the end of the civil rights complaint form, Plaintiff signed his name after

the following statement: "Under penalties of perjury, I Luis Negron declare that the foregoing document and the facts stated in it are true."

In the Complaint, Plaintiff states that he filed one prior case in federal court. See Complaint at 5. Although Plaintiff failed to provide the case number, it appears that he has described Case No. 3:02-cv-1137-J-21TEM. However, Plaintiff Negron has another previously-filed case, and this Court takes judicial notice of that case as well as the one case that he acknowledged in the Complaint: Case No. 3:05-cv-746-J-16TEM,[1] which was originally filed in the Tampa Division as Case No. 8:05-cv-1422-T-17TBM. Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff <u>understands</u> the requirements of fully informing the Court regarding previous filings, the facts and claims of the previous lawsuits and the specific reasons for dismissal.

This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must conform to acceptable standards in approaching this Court. This Court will not tolerate incomplete statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements made, it threatens the quality

---

[1] Plaintiff Negron was one of three Plaintiffs and signed the Complaint along with Anthony Cooper and Anthony Miller.

- 2 -

of justice. Here, Plaintiff has provided incomplete information regarding his previously-filed cases.

The President of the United States, on April 26, 1996, signed into law several amendments significantly affecting prison litigation. These amendments are entitled the Prison Litigation Reform Act of 1995. Specifically, prisoners proceeding in forma pauperis are prohibited from bringing a civil action or appeal if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal in a federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. See Prison Litigation Reform Act of 1995, Section 804; 28 U.S.C. § 1915(g)[2]. For these reasons, it is imperative that Plaintiff comply with the instructions of the civil rights complaint form.

If Plaintiff chooses to refile, he must follow the dictates of this Order by notifying the Court of the above-listed previously-filed cases (as well as the case now before this Court) and by complying with the civil rights complaint form. Further, he must

---

[2] This section is commonly referred to as the "three strikes" provision. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In Rivera, the court found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d at 731.

notify the Court of previously-filed cases in state court. Thus, this Court is of the opinion that this case should be dismissed without prejudice for abuse of the judicial process in failing to fully and completely notify the Court of his previously-filed cases. However, Plaintiff may refile and follow the instructions and format of the enclosed civil rights complaint form by complying with Section IV.C. of the civil rights complaint form and by fully and properly answering the question in Section IV.D. of the Complaint.[3] Finally, he must sign and date page ten of the Complaint form after the statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice.**

2. The Clerk of Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of Court shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. In refiling, Plaintiff shall *either* file a fully completed Affidavit of Indigency with an attached printout of the transactions in his

---

[3] Section IV.D. of the civil rights complaint form states: "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify these suits below by providing the case number, the style, and the disposition of each case." See Complaint at 5.

prison account for the six-month period preceding the filing of his complaint (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

    4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27TH day of August, 2008.

/s/ Howell W. Melton
UNITED STATES DISTRICT JUDGE

sc 8/26
c:
Luis Negron

- 5 -